Clarence Hicks v. Commissioner.
Hicks v. Commissioner
Docket No. 2402-67.
United States Tax Court
T.C. Memo 1968-163; 1968 Tax Ct. Memo LEXIS 138; 27 T.C.M. (CCH) 803; T.C.M. (RIA) 68163; July 29, 1968. Filed *138 J. M. Capers, 10111 Euclid Ave., Cleveland, Ohio, for the petitioner. Harvey N. Shapiro, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1965 in the amount of $246. One of the issues raised by the pleadings has been conceded by petitioner, leaving for our decision whether petitioner is entitled to a $600 dependency credit exemption for his minor daughter for the calendar year 1965. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual who resided in Cleveland, Ohio at the date of the filing of the petition in this case, filed his individual Federal income tax return for the calendar year 1965 with the district director of internal revenue at Cleveland, Ohio. Petitioner and his former wife, Reba Hicks (hereinafter referred to as Reba), are the parents of a child, Valerie Eileen Hicks, born on July 23, 1959. Since sometime before 1965 petitioner and Reba have been living apart. During the year 1965 Valerie was in the custody of her mother, Reba. Petitioner during the calendar year 1965 *139 made payments of $598.32 into the Cuyahoga County Juvenile Court for the support of Valerie, which amount was disbursed to Reba for the support of Valerie. During the calendar year 1965 Valerie lived with Reba in an apartment on East 125th Street in Cleveland, Ohio, for which Reba paid $65 a month rent. Heat for the apartment was furnished by the landlord. Reba paid approximately $60 for the gas used for cooking and for the electricity used in the apartment during 1965. Reba had a telephone in the apartment which she and Valerie shared, and Valerie occasionally used the telephone to call her cousins. During the year 1965 Reba spent $75 for clothes for Valerie and $5 for a dental bill for Valerie. During the calendar year 1965 Reba spent $15 a week for groceries for herself and Valerie and paid to Rosetta Mann (hereinafter referred to as Rosetta), who was Reba's mother, $10 a week as a babysitter fee for caring for Valerie while Reba was working. Reba paid the $10 a week to Rosetta for 50 weeks during the year. Valerie attended public kindergarten from January through June of 1965 and the first grade in public school from September through December 1965. During these periods Rosetta *140 cared for Valerie when Valerie was not in school. During the summer Rosetta cared for Valerie during the entire day. Reba worked outside her home at several different places of employment during the calendar year 1965. She was employed all of the calendar year 1965 except for approximately 2 weeks, and the wages she earned for the year totaled $3,296.83. 804 During the calendar year 1965 petitioner paid $73.01 of medical expenses for the benefit of Valerie. Reba filed an individual Federal income tax return for the calendar year 1965 on which she claimed Valerie as her dependent. She attached a U.S. Treasury Department Form 2038, "Information to Support Exemption Claimed for Dependent on Federal Income Tax Return" to her 1965 return, listing thereon as the amounts expended for Valerie's support the following: (a) Food
$ 780.00
(b) Lodging
780.00
(c) Utilities
172.32
(d) Clothing
75.00
(e) Education
15.00
(f) Medical and Dental
5.00
(g) Other "Baby Sitter - Mrs. Ro- setta Mann" 500.00
(h) Total support furnished the de- pendent from all sources
$2,327.32
Petitioner on his individual Federal income tax return for 1965 claimed a dependency *141 exemption for one child listed as "Reba Hicks." The parties explained that petitioner intended to claim the dependency exemption for Valerie. Respondent in his notice of deficiency disallowed the dependency exemption claimed by petitioner for Valerie. Opinion The issue here is purely factual. The evidence shows that petitioner paid a total of $671.33 for support of Valerie in 1965. In order to be entitled to the claimed dependency exemption for Valerie petitioner must establish that he paid more than one-half of her support during the calendar year 1965. Our question here is whether the evidence in this case shows that the total cost of Valerie's support in 1965 was less than $1,342.66. The total cost for food, apartment rent, gas, and electricity for running the household which Reba and Valerie shared was $1,620. If this amount is to be considered to be equally shared by Valerie and Reba, and to the resultant $810 allocated to food and shelter for Valerie is added the $500 babysitter's fees, the $75 for clothing, and the $78.01 of medical expenses paid for Valerie in 1965, the resultant $1,463.01 is more than twice the amount paid by petitioner for support of Valerie. We doubt *142 that one-half of the total cost of the food consumed by Reba and Valerie should be assigned to Valerie. However, if we use only one-third of the cost of food for Reba and Valerie as being the cost of Valerie's food but allocate one-half of the rent and cost of gas and electricity for the apartment to Valerie, the resultant amount of $680, when added to $78.01 of medical expenses, $75 of clothing and $500 of babysitter's fees, is $1,333.01. On this basis, if an amount of $9.65 for other expenses for Valerie such as her share of the telephone that Reba maintained in the apartment were to be allocated to Valerie, petitioner would not have shown that he contributed over one-half of Valerie's support. Petitioner attempted to prove his case by Reba's testimony. She was obviously a reluctant witness. Reba's testimony was far from precise. She was little help in allocating the portion of the expenses which should go to Valerie. On the attachment to her income tax return she used the total cost of rent and food for both herself and Valerie as being allocable to Valerie, but listed only $75 as the cost of Valerie's clothing. In her testimony at the trial she estimated that clothing for Valerie *143 cost $150 in 1965. Reba's estimate for utilities on her return appears to be higher than the amount indicated by annualizing the few monthly utility bills which she brought to the trial in response to petitioner's subpena. There is no precise evidence as to the cost of the telephone in the apartment. On the other hand, there is evidence to indicate that some expenses were incurred during 1965 for Valerie in addition to clothing, medical expenses, food, shelter including utilities, and babysitter's fees. Valerie was in kindergarten during the first half of the school year and in the first grade during the second half of the school year. A fair inference is that she incurred some expenses at school and for other purposes not precisely covered in Reba's testimony. From the evidence it is hard to determine whether petitioner or Reba contributed over one-half of Valerie's support. Reba testified that she and petitioner were the only persons who contributed to Valerie's support in 1965. The burden of proof is on petitioner. After consideration of all the evidence in this case we conclude that petitioner has failed to sustain the burden of showing that he contributed over one-half of Valerie's *144 support for the calendar year 1965. Decision will be entered for respondent. 805